Receipt No. 08859

ORIGINAL

FILED
JUL 23 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Uship Intellectual Properties, LLC,<br>Plaintiff,<br><br>v.<br><br>United States of America,<br>Defendant. | : | Civil Action No. **08-537 C** |

## COMPLAINT

Plaintiff, Uship Intellectual Properties, LLC ("Uship"), by counsel, brings this action under 28 U.S.C. § 1498 and the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, against Defendant United States, acting through the United States Postal Service ("USPS" or "Defendant"), seeking recovery of Uship's reasonable and entire compensation, as well as all other appropriate remedies, arising from Defendant's infringement of Uship's patents and Defendant's use and/or manufacture, without license or lawful right, of inventions described in and covered by Uship's patents. In support of its complaint, Uship alleges as follows:

## PARTIES

1. Plaintiff Uship is a Connecticut limited liability corporation based in West Suffield, Connecticut.

2. USPS is an independent establishment of the executive branch of the Government of the United States.

## JURISDICTION

3. This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1491 and 1498.

## BACKGROUND

4. Uship owns a number of United States Patents related to automated mailing/shipping kiosks.

5. Uship is the owner of United States Patent No. 5,481,464 (the " '464 Patent"), issued on January 2, 1996, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 1 is a true and correct copy of the '464 Patent.

6. Uship is the owner of United States Patent No. 6,105,014 (the " '014 Patent"), issued on August 15, 2000, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 2 is a true and correct copy of the '014 Patent.

7. Uship is the owner of United States Patent No. 6,917,924 (the " '924 Patent"), issued on July 12, 2005, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 3 is a true and correct copy of the '924 Patent.

8. Uship is the owner of United States Patent No. 4,900,905 (the " '905" Patent), issued on February 13, 1990, for an "automated mail collecting and telecommunication machine" and related shipping methods. Attached hereto as Complaint Exhibit 4 is a true and correct copy of the '905 Patent.

9. Uship is the owner of United States Patent No. 5,340,948 (the " '948" Patent), issued on August 23, 1994, for a "system for mailing and collecting items" and related shipping methods. Attached hereto as Complaint Exhibit 5 is a true and correct copy of the '948 Patent.

10. Uship is the owner of United States Patent No. 5,656,799 (the " '799" Patent), issued on August 12, 1997, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 6 is a true and correct copy of the '799 Patent.

11. Uship is the owner of United States Patent No. 5,831,220 (the " '220" Patent), is-

sued on November 3, 1998, for an "automated package shipping machine" and related shipping methods. Attached hereto as Complaint Exhibit 7 is a true and correct copy of the '220 Patent.

12. Uship is the owner of United States Patent No. 5,233,532 (the " '532" Patent), issued on August 3, 1993, for a "system for mailing and collecting items." Attached hereto as Complaint Exhibit 8 is a true and correct copy of the '532 Patent.

13. Uship is the assignee and owner of all rights, titles, and interests to the '464, '014, '924, '905, '948, '799, '220, and '532 Patents. Uship has a legal right to enforce its rights under the patents, sue for infringement, and seek all available relief and damages.

14. USPS has manufactured or procured the manufacture of, and has used and is using, self-service postal kiosks and mail centers, including its device called the Automated Postal Center, that infringe Uship's patents. USPS has thereby used and/or manufactured, without license or lawful right so to do, inventions described in and covered by Uship's patents.

15. Beginning in about 2004, representatives of Uship have had several conversations with representatives of USPS in which Uship has advised USPS that Uship had patents on automated mailing/shipping devices and related mailing/shipping methods. In addition, by letter dated November 8, 2007, Uship informed USPS that USPS's kiosks were protected by Uship's patents.

16. Upon information and belief, USPS continues to use, manufacture, and/or procure the manufacture of these infringing kiosks.

**COUNT I**
(Infringement of Patent No. 5,481,464)

17. Each allegation in paragraph 1 – 16 above is incorporated by reference herein.

18. USPS has infringed one or more claims of the '464 Patent, and continues to do so, by manufacturing, procuring the manufacture of, and/or using in the United States automated

mailing kiosks, including but not limited to the self-service postal kiosk and mail center. USPS has thereby used and/or manufactured, without license or lawful right so to do, inventions described in and covered by the '464 Patent.

19. Upon information and belief, USPS has willfully infringed and continues to willfully infringe the '464 Patent.

20. The USPS's infringement of Uship's '464 Patent, and its unauthorized use and/or manufacture of inventions described in and covered by the '464 Patent, have caused and continue to cause Uship to suffer harm from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

21. As a consequence of Defendant's actions, Uship is entitled to recover its reasonable and entire compensation arising from such infringement and unauthorized use and/or manufacture, and is entitled to other remedies as provided by relevant legal and equitable principles.

## COUNT II
(Infringement of Patent No. 6,105,014)

22. Each allegation in paragraph 1 – 21 above is incorporated by reference herein.

23. USPS has infringed one or more claims of the '014 Patent, and continues to do so, by manufacturing, procuring the manufacture of, and/or using in the United States automated mailing kiosks, including but not limited to the self-service postal kiosk and mail center. USPS has thereby used and/or manufactured, without license or lawful right so to do, inventions described in and covered by the '014 Patent.

24. Upon information and belief, USPS has willfully infringed and continues to willfully infringe the '014 Patent.

25. The USPS's infringement of Uship's '014 Patent, and its unauthorized use and/or manufacture of inventions described in and covered by the '014 Patent, have caused and con-

tinue to cause Uship to suffer harm from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

26. As a consequence of Defendant's actions, Uship is entitled to recover its reasonable and entire compensation arising from such infringement and unauthorized use and/or manufacture, and is entitled to other remedies as provided by relevant legal and equitable principles.

**COUNT III**

(Infringement of Patent No. 6,917,924)

27. Each allegation in paragraph 1 – 26 above is incorporated by reference herein.

28. USPS has infringed one or more claims of the '924 Patent, and continues to do so, by manufacturing, procuring the manufacture of, and/or using in the United States automated mailing kiosks, including but not limited to the self-service postal kiosk and mail center. USPS has thereby used and/or manufactured, without license or lawful right so to do, inventions described in and covered by the '924 Patent.

29. Upon information and belief, USPS has willfully infringed and continues to willfully infringe the '924 Patent.

30. The USPS's infringement of Uship's '924 Patent, and its unauthorized use and/or manufacture of inventions described in and covered by the '924 Patent, have caused and continue to cause Uship to suffer harm from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

31. As a consequence of Defendant's actions, Uship is entitled to recover its reasonable and entire compensation arising from such infringement and unauthorized use and/or manufacture, and is entitled to other remedies as provided by relevant legal and equitable principles.

**COUNT IV**
(Infringement of Patent No. 4,900,905)

32. Each allegation in paragraph 1 – 31 above is incorporated by reference herein.

33. USPS has infringed one or more claims of the '905 Patent, and continues to do so, by manufacturing, procuring the manufacture of, and/or using in the United States automated mailing kiosks, including but not limited to the self-service postal kiosk and mail center. USPS has thereby used and/or manufactured, without license or lawful right so to do, inventions described in and covered by the '905 Patent.

34. Upon information and belief, USPS has willfully infringed and continues to willfully infringe the '905 Patent.

35. The USPS's infringement of Uship's '905 Patent, and its unauthorized use and/or manufacture of inventions described in and covered by the '905 Patent, have caused and continue to cause Uship to suffer harm from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

36. As a consequence of Defendant's actions, Uship is entitled to recover its reasonable and entire compensation arising from such infringement and unauthorized use and/or manufacture, and is entitled to other remedies as provided by relevant legal and equitable principles.

**COUNT V**
(Infringement of Patent No. 5,340,948)

37. Each allegation in paragraph 1 – 36 above is incorporated by reference herein.

38. USPS has infringed one or more claims of the '948 Patent, and continues to do so, by manufacturing, procuring the manufacture of, and/or using in the United States automated mailing kiosks, including but not limited to the self-service postal kiosk and mail center. USPS has thereby used and/or manufactured, without license or lawful right so to do, inventions de-

scribed in and covered by the '948 Patent.

39. Upon information and belief, USPS has willfully infringed and continues to willfully infringe the '948 Patent.

40. The USPS's infringement of Uship's '948 Patent, and its unauthorized use and/or manufacture of inventions described in and covered by the '948 Patent, have caused and continue to cause Uship to suffer harm from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

41. As a consequence of Defendant's actions, Uship is entitled to recover its reasonable and entire compensation arising from such infringement and unauthorized use and/or manufacture, and is entitled to other remedies as provided by relevant legal and equitable principles.

**COUNT VI**
(Infringement of Patent No. 5,656,799)

42. Each allegation in paragraph 1 – 41 above is incorporated by reference herein.

43. USPS has infringed one or more claims of the '799 Patent, and continues to do so, by manufacturing, procuring the manufacture of, and/or using in the United States automated mailing kiosks, including but not limited to the self-service postal kiosk and mail center. USPS has thereby used and/or manufactured, without license or lawful right so to do, inventions described in and covered by the '799 Patent.

44. Upon information and belief, USPS has willfully infringed and continues to willfully infringe the '799 Patent.

45. The USPS's infringement of Uship's '799 Patent, and its unauthorized use and/or manufacture of inventions described in and covered by the '799 Patent, have caused and continue to cause Uship to suffer harm from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

46. As a consequence of Defendant's actions, Uship is entitled to recover its reasonable and entire compensation arising from such infringement and unauthorized use and/or manufacture, and is entitled to other remedies as provided by relevant legal and equitable principles.

**COUNT VII**
(Infringement of Patent No. 5,831,220)

47. Each allegation in paragraph 1 – 46 above is incorporated by reference herein.

48. USPS has infringed one or more claims of the '220 Patent, and continues to do so, by manufacturing, procuring the manufacture of, and/or using in the United States automated mailing kiosks, including but not limited to the self-service postal kiosk and mail center. USPS has thereby used and/or manufactured, without license or lawful right so to do, inventions described in and covered by the '220 Patent.

49. Upon information and belief, USPS has willfully infringed and continues to willfully infringe the '220 Patent.

50. The USPS's infringement of Uship's '220 Patent, and its unauthorized use and/or manufacture of inventions described in and covered by the '220 Patent, have caused and continue to cause Uship to suffer harm from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

51. As a consequence of Defendant's actions, Uship is entitled to recover its reasonable and entire compensation arising from such infringement and unauthorized use and/or manufacture, and is entitled to other remedies as provided by relevant legal and equitable principles.

**COUNT VIII**
(Infringement of Patent No. 5,233,532)

52. Each allegation in paragraph 1 – 51 above is incorporated by reference herein.

53. USPS has infringed one or more claims of the '532 Patent, and continues to do so,

by manufacturing, procuring the manufacture of, and/or using in the United States automated mailing kiosks, including but not limited to the self-service postal kiosk and mail center. USPS has thereby used and/or manufactured, without license or lawful right so to do, inventions described in and covered by the '532 Patent.

54. Upon information and belief, USPS has willfully infringed and continues to willfully infringe the '532 Patent.

55. The USPS's infringement of Uship's '532 Patent, and its unauthorized use and/or manufacture of inventions described in and covered by the '532 Patent, have caused and continue to cause Uship to suffer harm from the loss of its lawful patent rights to exclude others from making, using, selling, and being able to sell the patented inventions.

56. As a consequence of Defendant's actions, Uship is entitled to recover its reasonable and entire compensation arising from such infringement and unauthorized use and/or manufacture, and is entitled to other remedies as provided by relevant legal and equitable principles.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Uship requests the following relief:

a. entry of a judgment in favor of Uship and against Defendant on all of Uship's claims;

b. entry of a judgment that USPS has infringed Uship's '464, '014, '924, '905, '948, '799, '220, and '532 patents, and has without license or lawful right so to do used and/or manufactured inventions described in and covered by those patents;

c. entry of a judgment awarding Uship its reasonable and entire compensation, in an amount to be proven at trial, for Defendant's use and/or manufacture of inventions described in and covered by Uship's patents;

d. an accounting for damages suffered by Uship, including lost profits caused by the infringing activities, and judgment requiring Defendant to compensate Uship for such damage;

e. an award of any costs, expenses, and attorneys' fees to which Uship may be entitled;

f. such other and further relief as the Court may deem just and proper.

Dated: July 23, 2008

Respectfully submitted,

COOPER & KIRK, PLLC

By: ______________________
Charles J. Cooper
Counsel of Record

Of Counsel:

Vincent J. Colatriano
Howard Nielson
Michael Weitzner

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600