IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| USHIP INTELLECTUAL PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-537 C |
| | ) | |
| THE UNITED STATES, | ) | Judge Marian Blank Horn |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION**
**FOR RULE 14 NOTICE TO IBM**

Pursuant to Rule 14 of the Rules of the Court of Federal Claims ("RCFC"), Defendant, the United States ("the government"), respectfully requests that the Court issue a notice to the following third party to appear, if it so desires, as a party to this lawsuit and to assert whatever interest it may have herein:

IBM Corporation
Attention: Jeffrey T. Zachmann, Esq.
Counsel, Corporate Litigation
1133 Westchester Avenue
White Plains, New York 10604

**STATEMENT IN SUPPORT OF MOTION**

In this lawsuit, Plaintiffs are seeking compensation for the alleged unauthorized use or manufacture by or for the United States of self-service postal kiosks and mail centers. See Complaint ¶ 14. Such devices allegedly infringe:

(1) "one or more claims" of the 34 claims in United States Patent No. 5,481,464;

(2) "one or more claims" of the 2 claims in United States Patent No. 6,105,014;

(3) "one or more claims" of the 2 claims in United States Patent No. 6,917,924;

(4) "one or more claims" of the 15 claims in United States Patent No. 4,900,905;

(5) "one or more claims" of the 22 claims in United States Patent No. 5,340,948;

(6) "one or more claims" of the 71 claims in United States Patent No. 5,656,799;

(7) "one or more claims" of the 4 claims in United States Patent No. 5,831,220; and

(8) "one or more claims" of the 16 claims in United States Patent No. 5,233,532.

Complaint ¶¶ 18, 23, 28, 33, 38, 43, 48, 53. Upon information and belief, the United States Postal Service ("Postal Service") purchased the accused devices from International Business Machines Corporation ("IBM") pursuant to two different contracts.

Rule 14(b) provides a means for a third party, with an apparent interest in the outcome of the litigation, to enter the action if it so desires. Although notice affords the third-party an opportunity to defend its interests, it does not compel the third-party to appear. See Carrier Corp. v. United States, 534 F.2d 244, 251-52 (Ct. Cl. 1976); Rockwell Int'l Corp. v. United States, 31 Fed. Cl. 536, 539-40 (1994).

IBM has an apparent interest in the outcome of this litigation, and should be afforded an opportunity to enter the action as a third-party defendant if it so desires. IBM's interest in this litigation is threefold. First, IBM may be obligated to indemnify the government based upon express patent indemnification clauses in its contracts with the Postal Service. Second, IBM may be obligated to indemnify the government based upon an implied warranty of non-infringement under U.C.C. § 2-312 (3). Third, apart from the question whether IBM is a potential indemnitor, it may have commercially reproduced, or may desire to reproduce in the future, the accused devices. Thus, IBM may now have an interest in appearing as a third-party defendant in this action to establish its right to reproduce the accused devices free from claims of infringement.

The issuance of the requested notice conforms to the established practice of this Court. See Bowser, Inc. v. United States, 420 F.2d 1057, 1060 (Ct. Cl. 1970); Myrtle Beach Pipeline Co. v. United States, 6 Cl. Ct. 363, 365 (1984).

**CONCLUSION**

For the above reasons, the government respectfully requests that the Court issue notice to IBM pursuant to RCFC Rule 14.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

Of Counsel:
GARY L. HAUSKEN
KIRBY W. LEE
Department of Justice

September 18, 2008