### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| USHIP INTELLECTUAL PROPERTIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Case No(s).: 08-537 C** |
| THE UNITED STATES, | ) ) | **Judge Marian Blank Horn** |
| Defendants, | ) ) | |
| and | ) ) | |
| INTERNATIONAL BUSINESS MACHINES CORP., | ) ) ) | |
| Third-Party Defendant. | ) ) | |

### ANSWER OF INTERNATIONAL BUSINESS MACHINES CORP.

Pursuant to Rule 14(c) of the Rules of the United States Court of Federal Claims ("RCFC") and the Court's November 3, 2008 Notice to Interested Third Party, International Business Machines Corp. ("IBM"), by and through its undersigned counsel, hereby answers Uship Intellectual Properties, LLC's ("Uship") Complaint and states as follows:

1.    On information and belief, IBM admits the allegations of Paragraph 1 of the Complaint.

2.    On information and belief, IBM admits the allegations of Paragraph 2 of the Complaint.

3.    Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent a response to Paragraph 3 of the Complaint is required, IBM admits that

this Court has jurisdiction under 28 U.S.C. §§ 1491 and 1498.  IBM denies the remaining

allegations of Paragraph 3 of the Complaint.

## BACKGROUND

4.      Paragraph 4 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response to Paragraph 4 of the Complaint is required,  IBM states that

it is without knowledge or information sufficient to form a belief as to the truth of the allegations

set forth in Paragraph 4 of the Complaint, and on that basis denies each allegation contained

therein.

5.      IBM admits that the face of U.S. Patent No. 5,481,464 ("the '464 patent") bears

the issue date of January 2, 1996, but denies that the '464 patent was duly and/or legally issued.

IBM admits that what appears to be a copy of the '464 patent is attached as Exhibit 1 to the

Complaint.  IBM states that it is without knowledge or information sufficient to form a belief as

to the truth of the allegation that Uship owns the '464 patent, and on that basis denies the

allegation.  IBM denies the remaining allegations of Paragraph 5 of the Complaint.

6.      IBM admits that the face of U.S. Patent No. 6,105,014 ("the '014 patent") bears

the issue date of August 15, 2000, but denies that the '014 patent was duly and/or legally issued.

IBM admits that what appears to be a copy of the '014 patent is attached as Exhibit 2 to the

Complaint.  IBM states that it is without knowledge or information sufficient to form a belief as

to the truth of the allegation that Uship owns the '014 patent, and on that basis denies the

allegation.  IBM denies the remaining allegations of Paragraph 6 of the Complaint.

7.      IBM admits that the face of U.S. Patent No. 6,917,924 ("the '924 patent") bears

the issue date of July 12, 2005, but denies that the '924 patent was duly and/or legally issued.

IBM admits that what appears to be a copy of the '924 patent is attached as Exhibit 3 to the

Complaint.  IBM states that it is without knowledge or information sufficient to form a belief as

to the truth of the allegation that Uship owns the '924 patent, and on that basis denies the allegation. IBM denies the remaining allegations of Paragraph 7 of the Complaint.

       8.     IBM admits that the face of U.S. Patent No. 4,900,905 ("the '905 patent") bears the issue date of February 13, 1990, but denies that the '905 patent was duly and/or legally issued. IBM admits that what appears to be a copy of the '905 patent is attached as Exhibit 4 to the Complaint. IBM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Uship owns the '905 patent, and on that basis denies the allegation. IBM denies the remaining allegations of Paragraph 8 of the Complaint.

       9.     IBM admits that the face of U.S. Patent No. 5,340,948 ("the '948 patent") bears the issue date of August 23, 1994, but denies that the '948 patent was duly and/or legally issued. IBM admits that what appears to be a copy of the '948 patent is attached as Exhibit 5 to the Complaint. IBM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Uship owns the '948 patent, and on that basis denies the allegation. IBM denies the remaining allegations of Paragraph 9 of the Complaint.

      10.     IBM admits that the face of U.S. Patent No. 5,656,799 ("the '799 patent") bears the issue date of August 12, 1997, but denies that the '799 patent was duly and/or legally issued. IBM admits that what appears to be a copy of the '799 patent is attached as Exhibit 6 to the Complaint. IBM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Uship owns the '799 patent, and on that basis denies the allegation. IBM denies the remaining allegations of Paragraph 10 of the Complaint.

      11.     IBM admits that the face of U.S. Patent No. 5,831,220 ("the '220 patent") bears the issue date of November 3, 1998, but denies that the '220 patent was duly and/or legally issued. IBM admits that what appears to be a copy of the '220 patent is attached as Exhibit 7 to

the Complaint. IBM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Uship owns the '220 patent, and on that basis denies the allegation. IBM denies the remaining allegations of Paragraph 11 of the Complaint.

12.     IBM admits that the face of U.S. Patent No. 5,233,532 ("the '532 patent") bears the issue date of August 3, 1993, but denies that the '532 patent was duly and/or legally issued. IBM admits that what appears to be a copy of the '532 patent is attached as Exhibit 8 to the Complaint. IBM states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Uship owns the '532 patent, and on that basis denies the allegation. IBM denies the remaining allegations of Paragraph 12 of the Complaint.

13.     IBM states that it is without knowledge or information sufficient to either form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and on that basis denies each allegation contained therein.

14.     IBM admits that the United States Postal Service ("USPS") has purchased Automated Postal Center devices from IBM. IBM denies the remaining allegations of Paragraph 14 of the Complaint.

15.     IBM states that it is without knowledge or information sufficient to either form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and on that basis denies each allegation contained therein.

16.     IBM admits that the USPS has purchased Automated Postal Center devices from IBM. IBM denies the remaining allegations of Paragraph 16 of the Complaint.

## COUNT I

### (Infringement of U.S. Patent No. 5,481,464)

17.     IBM incorporates by reference each of its answers to Paragraph 1 to 16 as though fully set forth herein.

18.    IBM denies each of the allegations of Paragraph 18 of the Complaint.

19.    IBM denies each of the allegations of Paragraph 19 of the Complaint.

20.    IBM denies each of the allegations of Paragraph 20 of the Complaint.

21.    IBM denies each of the allegations of Paragraph 21 of the Complaint.

## COUNT II

### (Infringement of U.S. Patent No. 6,105,014)

22.    IBM incorporates by reference each of its answers to Paragraph 1 to 21 as though fully set forth herein.

23.    IBM denies each of the allegations of Paragraph 23 of the Complaint.

24.    IBM denies each of the allegations of Paragraph 24 of the Complaint.

25.    IBM denies each of the allegations of Paragraph 25 of the Complaint.

26.    IBM denies each of the allegations of Paragraph 26 of the Complaint.

## COUNT III

### (Infringement of U.S. Patent No. 6,917,924)

27.    IBM incorporates by reference each of its answers to Paragraph 1 to 26 as though fully set forth herein.

28.    IBM denies each of the allegations of Paragraph 28 of the Complaint.

29.    IBM denies each of the allegations of Paragraph 29 of the Complaint.

30.    IBM denies each of the allegations of Paragraph 30 of the Complaint.

31.    IBM denies each of the allegations of Paragraph 31 of the Complaint.

## COUNT IV

### (Infringement of U.S. Patent No. 4,900,905)

32.    IBM incorporates by reference each of its answers to Paragraph 1 to 31 as though fully set forth herein.

33.   IBM denies each of the allegations of Paragraph 33 of the Complaint.

34.   IBM denies each of the allegations of Paragraph 34 of the Complaint.

35.   IBM denies each of the allegations of Paragraph 35 of the Complaint.

36.   IBM denies each of the allegations of Paragraph 36 of the Complaint.

## COUNT V

### (Infringement of U.S. Patent No. 5,340,948)

37.   IBM incorporates by reference each of its answers to Paragraph 1 to 36 as though fully set forth herein.

38.   IBM denies each of the allegations of Paragraph 38 of the Complaint.

39.   IBM denies each of the allegations of Paragraph 39 of the Complaint.

40.   IBM denies each of the allegations of Paragraph 40 of the Complaint.

41.   IBM denies each of the allegations of Paragraph 41 of the Complaint.

## COUNT VI

### (Infringement of U.S. Patent No. 5,656,799)

42.   IBM incorporates by reference each of its answers to Paragraph 1 to 41 as though fully set forth herein.

43.   IBM denies each of the allegations of Paragraph 43 of the Complaint.

44.   IBM denies each of the allegations of Paragraph 44 of the Complaint.

45.   IBM denies each of the allegations of Paragraph 45 of the Complaint.

46.   IBM denies each of the allegations of Paragraph 47 of the Complaint.

## COUNT VII

### (Infringement of U.S. Patent No. 5,831,220)

47.   IBM incorporates by reference each of its answers to Paragraph 1 to 46 as though fully set forth herein.

48.   IBM denies each of the allegations of Paragraph 48 of the Complaint.

49.   IBM denies each of the allegations of Paragraph 49 of the Complaint.

50.   IBM denies each of the allegations of Paragraph 50 of the Complaint.

51.   IBM denies each of the allegations of Paragraph 51 of the Complaint.

## COUNT VIII

### (Infringement of U.S. Patent No. 5,233,532)

52.   IBM incorporates by reference each of its answers to Paragraph 1 to 51 as though fully set forth herein.

53.   IBM denies each of the allegations of Paragraph 53 of the Complaint.

54.   IBM denies each of the allegations of Paragraph 54 of the Complaint.

55.   IBM denies each of the allegations of Paragraph 55 of the Complaint.

56.   IBM denies each of the allegations of Paragraph 56 of the Complaint.

## PRAYER FOR RELIEF

IBM denies that the Plaintiff is entitled to any relief from this Court.

## AFFIRMATIVE DEFENSES

IBM asserts the following affirmative defenses.  By asserting these defenses, IBM does not intend to take on burdens of proof that it would otherwise not have.  IBM reserves its rights to assert any additional defenses to Uship's claims as they become known during the course of this litigation.

### First Affirmative Defense

The Plaintiff fails to state a claim against IBM upon which relief can be granted as to the '464 patent, the '014 patent, the '924 patent, the '905 patent, the '948 patent, the '799 patent, the '220 patent, and/or the '532 patent (collectively, "the Asserted Patents").

### Second Affirmative Defense

IBM does not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claim of the Asserted Patents.

### Third Affirmative Defense

The Asserted Patents are invalid for failure to comply with the patent laws of the United States, including without limitation, 35 U.S.C. §§ 102, 103 and/or 112.

### Fourth Affirmative Defense

The claims of the '014 patent, the '924 patent, the '464 patent, the '948 patent, the '799 patent, and/or the '220 patent are unenforceable under the doctrine of prosecution laches.

### Fifth Affirmative Defense

Uship's suit is barred under the doctrine of equitable estoppel.

### Sixth Affirmative Defense

Uship's claim for compensation is limited under the doctrine of laches.

## RELIEF REQUESTED BY THIRD-PARTY DEFENDANT IBM

WHEREFORE, Third-Party Defendant IBM pray that the Court enter judgment against Plaintiff Uship and in favor of Defendant the United States and Third-Party Defendant IBM as follows:

A.    Dismiss the Complaint with prejudice;

B.    Deny all remedies and relief that Plaintiff seeks in its Complaint;

C.    Enter judgment that IBM does not infringe any valid and enforceable claim of the Asserted Patents, either directly or indirectly and either literally or under the doctrine of equivalents;

D.    Enter judgment that the claims of the Asserted Patents are invalid.

E.    Enter judgment that the claims of the Asserted Patents are unenforceable.

F.   Award IBM its costs in this action;

G.   Award IBM its reasonable attorneys' fees to the extent permitted by law; and

H.   Award IBM such other and further relief as this Court may deem just and proper.

Date:   January 26, 2009                    Respectfully submitted,

                                            s/Edward H. Meyers
                                            Edward H. Meyers
                                            KIRKLAND & ELLIS LLP
                                            655 Fifteenth Street, N.W.
                                            Washington, D.C. 20005
                                            (202)879-5000

                                            *Attorney for Third-Party Defendant*
                                            ***International Business Machines Corp.***

*Of Counsel:*
D. Sean Trainor
William Fink
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202)879-5000

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| USHIP INTELLECTUAL PROPERTIES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendants, | ) |
| and | ) |
| INTERNATIONAL BUSINESS MACHINES CORP., | ) |
| Third-Party Defendant. | ) |

Case No(s).: 08-537 C

Judge Marian Blank Horn

## INTERNATIONAL BUSINESS MACHINES CORP.'S
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Rules of the United States Court of Federal Claims, International Business Machines Corp. ("IBM") certifies that as of this date, it has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

By filing this Corporate Disclosure Statement, IBM does not waive any defenses under Rule 12 of the Rules of the United States Court of Federal Claims.

Date:   January 26, 2009

Respectfully submitted,

s/Edward H. Meyers

Edward H. Meyers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202)879-5000

*Attorney for Third-Party Defendant*
***International Business Machines Corp.***

*Of Counsel:*
D. Sean Trainor
William Fink
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202)879-5000