# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 08-537C
Filed: October 7, 2009

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| USHIP INTELLECTUAL PROPERTIES, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant, | * |
| | * |
| and | * |
| | * |
| INTERNATIONAL BUSINESS MACHINES CORP., | * |
| | * |
| | * |
| Third-Party Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATED PROTECTIVE ORDER

The parties' October 5, 2009 Joint Motion For Adoption Of Stipulated Protective Order is hereby granted. Plaintiff Uship Intellectual Properties, LLC ("Uship"); Defendant the United States ("the government"); and Third-Party Defendant International Business Machines Corporation ("IBM") have agreed and stipulated to the entry of an order pursuant to RCFC 26(c) for protecting Protected Discovery Material as defined below. The agreement and stipulation are evidenced by the signatures of the attorneys of record.

This Protective Order does not specify the procedures under which access to classified information is to be provided and shall not be construed as requiring the production of any information that is classified for reasons of national security. Access to such information shall be governed solely by existing laws and regulations pertaining to national security.

Accordingly, the parties shall comply with the terms and conditions of this Protective Order:

## Definitions

For purposes of this Protective Order:

1.      "Party" means, individually, Uship, the government, and IBM.

2.      "Supplying Owner" means a person or entity who is not a Party and owns or possesses Protected Discovery Material (as defined herein) that is relevant to the subject matter of this litigation or is reasonably calculated to lead to the discovery of admissible evidence.

3.      The term "document" means documents as defined in Rule 34(a) of the Rules of the United States Court of Federal Claims.

4.      "Discovery Material" means any information produced or disclosed by a Party or Supplying Owner in this litigation, including, without limitation, Rule 26 disclosures, documents, deposition transcripts, deposition exhibits, interrogatory responses, and responses to requests for admission, and testimony.

5.      "Protected Discovery Material" means any Discovery Material that contains nonpublic confidential, proprietary, commercially sensitive, or trade secret information of the producing Party or Supplying Owner.

6.      "Protected Financial Discovery Material" means any Protected Discovery Material that consists of financial records, marketing plans not pertaining to technical design, or business plans not pertaining to technical design.

7.      The term "Qualified Person" shall mean any one of the following:

(a)      the Court, its Clerk, the United States Judiciary, and their legal assistants and support staff members;

(b)      the outside counsel (including counsel for the Department of Justice) for each Party, and their legal assistants and support staff members;

(c)      the attorney of record for a third-party Supplying Owner and any other attorney in his or her firm, their legal assistants and support staff members, but only with respect to Protected Discovery Material provided by the Supplying Owner they

represent or derived from the Protected Discovery Material provided by the Supplying Owner;

(d)   the attorneys for each department or agency of the government involved with or having information pertaining to this lawsuit, their legal assistants and support staff members;

(e)   the employees of the Parties or a Supplying Owner to the extent that they already have had access to the Protected Discovery Material sought to be disclosed as part of their employment duties not arising in connection with this litigation;

(f)   litigation support contractors (such as copying services, stenographers, and document storage or management contractors) who are retained by outside counsel for a Party and who are under an obligation to maintain the confidentiality of any material received from counsel;

(g)   Up to two (2) additional counsel for Uship and IBM who are responsible for this action, who do not have competitive decision making responsibilities for their respective companies, and who have executed the Acknowledgement of Protective Order Regarding Protected Discovery Material ("Acknowledgement") as discussed in Paragraph 12 below, including (once such Acknowledgement is executed) Uship's patent counsel John Paniaguas;

(h)   designated outside consultants or experts ("Consultants") retained by one or more Parties solely for the purpose of assisting in this litigation, who are neither employees of a Party nor anticipated to become employees in the near future, subject to the provisions of Paragraph 14 below;

(i)   any other person agreed to by the parties and, where applicable, the Supplying Owner; and

(j)   any other person allowed by the Court.

### Identification and Marking of Protected Discovery Material

8.   Any document or other tangible thing that contains or reveals Protected Discovery Material shall be labeled with the legend "PROTECTED DISCOVERY MATERIAL, CT. FED. CL. NO. 08-537 C, SUBJECT TO PROTECTIVE ORDER," "PROTECTED FINANCIAL DISCOVERY MATERIAL, CT. FED. CL. NO. 08-537 C, SUBJECT TO PROTECTIVE ORDER," or a marking of like import.  As for documents, such a legend shall appear at least on the first page of each document believed to contain such Protected Discovery Material or Protected Financial Discovery Material.  Any Protected Discovery Material or Protected

Financial Discovery Material that cannot be conveniently labeled as such shall be so designated by the Party or Supplying Owner by serving a written notice to the receiving Party(ies).

9.      A Party or a Supplying Owner may place an appropriate Protected Discovery Material or Protected Financial Discovery Material marking at a conspicuous location on any exhibits and transcripts for depositions, hearings or trial in this action that the Party or Supplying Owner has determined to contain its Protected Discovery Material or Protected Financial Discovery Material, as the case may be.  Such a marking shall appear on each page believed to contain such Protected Discovery Material or Protected Financial Discovery Material. Documents may also be so designated by a statement on the record at the time of the deposition, hearing or trial, or by serving a written notification on the parties within thirty (30) days of the receipt of the transcript or exhibit by the attorney for the designating Party or Supplying Owner. A copy of such written notification, which identifies the specific pages and lines of the transcript or exhibit that contain Protected Discovery Material or Protected Financial Discovery Material, shall be attached to the face of the transcript or exhibit and each copy of the transcript or exhibit. All information disclosed during a deposition shall be treated as Protected Discovery Material or Protected Financial Discovery Material until at least thirty (30) days after the transcript has been received by the attorney for the designating Party or Supplying Owner.  Digests or synopses of any page containing Protected Discovery Material or Protected Financial Discovery Material shall be similarly treated and marked.  The witness at any time may review the transcript of his or her testimony and any exhibits employed during that testimony.

10.     When a Supplying Owner or Party initially produces documents or things for inspection by Qualified Persons for a Party, no marking need be made in advance of the inspection.  For the purposes of the inspection, all documents produced shall be treated as

containing Protected Discovery Material. After the receiving Party has selected specified documents for copying or things for further inspection, the producing Supplying Owner or Party shall appropriately mark the documents or things selected before they are copied or further inspected., or shall appropriately mark the copies that are subsequently provided.

### Disclosure of Protected Discovery Material

11.     Except as otherwise provided in this Protective Order, Protected Discovery Material or Protected Financial Discovery Material obtained in the course of this litigation, and information derived therefrom, may not be disclosed to anyone other than to a Qualified Person and in accordance with the provisions set forth in this Protective Order. This Protective Order pertains to disclosure by a Qualified Person that receives Protected Discovery Material or Protected Financial Discovery Material and does not limit the producing Party or Supplying Owner from disclosing Protected Discovery Material or Protected Financial Discovery Material that it owns or has a right, limited or unlimited, to disclose to others.

12.     Each person receiving Protected Discovery Material or Protected Financial Discovery Material shall be informed of this Protective Order and shall agree to be bound in all respects by its terms. He or she shall signify assent to the terms of this Protective Order by executing, prior to the receipt of the Protected Discovery Material or Protected Financial Discovery Material, an acknowledgment statement (similar to that in Form A attached hereto) which indicates that he/she has read this Protective Order and agrees to be bound by it. The Qualified Persons who are defined in accord with Paragraph 7, subparagraphs (a) through (f), above need not execute an acknowledgment statement. Executed acknowledgment statements shall be retained by the attorneys of record.

13.     A recipient of particular Protected Discovery Material or Protected Financial Discovery Material, and any Qualified Person, may discuss such Protected Discovery Material or

Protected Financial Discovery Material with any other person who is not a Qualified Person only to the extent that said person has already had lawful access to such Protected Discovery Material or Protected Financial Discovery Material independent of any disclosure in this litigation. This Protective Order shall not prohibit any person from reviewing particular Protected Discovery Material or Protected Financial Discovery Material to the extent that said person had a right to review such Protected Discovery Material or Protected Financial Discovery Material independent of any disclosure of it as Protected Discovery Material in this litigation.

14.     In connection with Consultants, each Party shall disclose to all other Parties the identity and residence of each Consultant who is to be given access to Protected Discovery Material or Protected Financial Discovery Material. In addition, for each Consultant, each Party shall also provide all other Parties a curriculum vitae or other comparable information sufficient to identify: (i) the Consultant's current employer and employment history for the past five (5) years, including consulting relationships on which the Consultant personally participated; and (ii) any other litigation matters in which the Consultant testified in the past five (5) years. The identity, residence, and curriculum vitae (or comparable information) must be provided at least ten (10) business days prior to the first disclosure of any Protected Discovery Material or Protected Financial Discovery Material to such Consultant.

(a)     If a Party or a Supplying Owner objects to the Consultant, it shall make its objections known in writing within ten (10) business days of notification. If agreement on the Consultant cannot be reached, the objecting Party or Supplying Owner shall have ten (10) business days after making its objections known to seek a protective order from the Court. In such case, no disclosure shall be made to the Consultant until the Court has ruled on the motion for a protective order. If the objecting Party or Supplying Owner fails to seek a protective order within that time, the objection shall be deemed waived and the Protected Discovery Material may be disclosed to the Consultant subject to this Protective Order.

(b)     Non-testifying Consultants will not be subject to depositions or subpoenaed as witnesses at trial based solely upon being the subject of such disclosures.

15.     A document that contains or reveals Protected Discovery Material or Protected Financial Discovery Material may be shown to any person indicated by that document to be its originator, its author, or a recipient of a copy.

16.     Protected Discovery Material or Protected Financial Discovery Material may be disclosed to stenographic reporters, official court reporters, videographers, and their assistants who are engaged in such proceedings for this litigation.  Although they need not be informed of this Protective Order, they shall acknowledge the confidentiality of the Protected Discovery Material or Protected Financial Discovery Material and agree to preserve all such information in confidence.

17.     A document that contains or reveals Protected Discovery Material or Protected Financial Discovery Material may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator. Although the printer, illustrator, or personnel of such copying service need not be informed of this Protective Order, each shall acknowledge the confidentiality of the Protected Discovery Material and agree to preserve all such information in confidence.

18.     It shall not be a basis, after entry of this Protective Order, for the Parties to refuse to produce documents or things containing information subject to the provisions of this Protective Order, or to divulge information falling within the provisions of this Protective Order, because the document is considered Protected Discovery Material or Protected Financial Discovery Material.  However, Protected Discovery Material or Protected Financial Discovery Material pertaining to a contemplated competitive procurement may be withheld, until there has been an award of the contemplated contract or the contemplated competitive procurement is otherwise terminated or abandoned, provided that the producing or supplying Party first notifies

the requesting Party of its intent to withhold such materials.  If, after receiving such notice, the

requesting Party informs the producing or supplying Party in writing that it will not bid on the

contemplated contract, the producing or supplying Party shall produce the Protected Discovery

Material or Protected Financial Discovery Material labeled with the legend described in

Paragraph 8 of this Order and with the additional phrase "COMPETITIVE PROCUREMENT."

Protected Discovery Material or Protected Financial Discovery Material labeled and produced in

accordance with this Paragraph shall only be disclosed to Qualified Persons as defined by

Paragraph 7(a)-(f) and 7(h)-(j), and shall not be disclosed to Qualified Persons as defined by

Paragraph 7(g).

     19.    This Protective Order's restrictions and obligations relating to Protected

Discovery Material or Protected Financial Discovery Material shall not apply to any document

which is not so marked and shall not apply to any document which the parties or Supplying

Owner agree, or the Court rules: (i) is public knowledge or becomes public knowledge other than

as a result of disclosure by the recipient; or (ii) has or shall come into possession of the recipient

other than by disclosure as Protected Discovery Material or Protected Financial Discovery

Material in this litigation.

     20.    The inadvertent or unintentional disclosure of Protected Discovery Material or

Protected Financial Discovery Material during the course of this litigation, without designating it

as Protected Discovery Material or Protected Financial Discovery Material at the time of

disclosure, shall not be deemed a waiver in whole or in part of a claim that the disclosed

information is protected, either as to the specific information disclosed or as to any other

information relating thereto.  In order to maintain its protected status, any such Protected

Discovery Material or Protected Financial Discovery Material must, however, be so designated

within ten (10) business days after learning of the inadvertent or unintentional disclosure, and in any event, not later than sixty (60) days after it has been so disclosed.

21.     Counsel for the receiving party shall promptly notify the supplying party upon becoming aware of any loss, theft, and/or unauthorized copying or disclosure of Protected Discovery Material or Protected Financial Discovery Material, and shall immediately take all reasonably appropriate and available actions to retrieve any Protected Discovery Material or Protected Financial Discovery Material and prevent any further unauthorized access or dissemination.

### Challenging a Designation of Protected Discovery Material

22.     A Party shall not be obligated to challenge the propriety of a Protected Discovery Material or Protected Financial Discovery Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a Party disagrees at any time with a Protected Discovery Material or Protected Financial Discovery Material designation made by another Party or Supplying Owner, the relevant Parties shall try in good faith to resolve the dispute on an informal basis.  If they cannot resolve the dispute, the objecting Party may seek appropriate relief from the Court upon notice to the designating Party or Supplying Owner.  The designating entity shall have the burden of proving that the Protected Discovery Material or Protected Financial Discovery Material designation is proper.

23.     Notwithstanding paragraph 19, if a Party disputes or challenges the designation of any information as Protected Discovery Material or Protected Financial Discovery Material, such information shall nonetheless be treated as Protected Discovery Material or Protected Financial Discovery Material in accordance with the provisions of this Protective Order until such designation has been removed by order of the Court or by written consent of the designating Party or Supplying Owner.  No Party hereto waives any right it may have to object on any

ground to the admission into evidence at a hearing or trial in this action of any Protected

Discovery Material or Protected Financial Discovery Material.

## Handling and Use of Protected Discovery Material

24.     All Protected Discovery Material or Protected Financial Discovery Material, and

any information derived therefrom, shall be used, if at all, only for the purpose of preparing and

conducting this litigation.  Absent the consent of the entity producing or supplying that Protected

Discovery Material or Protected Financial Discovery Material, it shall not be used for any other

purpose by or on behalf of any Party, Supplying Owner, or Qualified Person to whom it was

disclosed hereunder and who does not own the Protected Discovery Material or Protected

Financial Discovery Material or have a right independent of this Order to use it or disclose it to

others.

25.     Nothing in this Protective Order, however, shall bar or otherwise restrict any

attorney who is a Qualified Person from rendering advice to his client with respect to this

litigation, and in the course thereof, from generally referring to or relying upon his examination

of materials produced.  In rendering such advice or in otherwise communicating with his client,

the attorney shall not disclose the specific content of any Protected Discovery Material or

Protected Financial Discovery Material, and any information derived therefrom, where such

disclosure would not otherwise be permitted under the terms of this Protective Order or Protected

Financial Discovery Material.

26.     The Court shall have access to all Protected Discovery Material or Protected

Financial Discovery Material.  The Clerk of this Court is directed to maintain under seal all

documents or things which are filed with the Court and which have been designated as Protected

Discovery Material or Protected Financial Discovery Material.  The Clerk shall permit access to

such documents or things only to this Court, personnel of the Court authorized to have access, and the attorneys of record.

27.     In the event that Protected Discovery Material or Protected Financial Discovery Material is included in any electronically-filed document, the Party seeking to file such Protected Discovery Material or Protected Financial Discovery Material shall seek leave to file it electronically under seal.  All other documents filed with the Court containing Protected Discovery Material or Protected Financial Discovery Material shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this litigation, the words "CONTAINS PROTECTED DISCOVERY MATERIAL" or "CONTAINS PROTECTED FINANCIAL DISCOVERY MATERIAL" and "SUBJECT TO PROTECTIVE ORDER" as an indication of the nature of the contents.

28.     If, during trial or at any hearing in connection with any motion or other proceeding, a Party intends to offer into evidence or disclose any information designated as Protected Discovery Material or Protected Financial Discovery Material, the Party shall so inform each other Party and the Supplying Owner a reasonable time in advance.  If the other Party or Supplying Owner continues to designate such information as Protected Discovery Material or Protected Financial Discovery Material, the offering Party shall take such steps as are deemed necessary to preserve the protection of such information, except that the offering Party may for cause move the Court to remove the designated Protected Discovery Material from any or all restrictions otherwise applicable under the terms of this Protective Order.  In any such motion, the Party or Supplying Owner asserting that the information is Protected Discovery Material or Protected Financial Discovery Material shall bear the burden of establishing that it in fact continues to meet the definition of Protected Discovery Material or Protected Financial

Discovery Material, as set forth in this Order.  No Party hereto waives any right it may have to

object on any ground to the admission into evidence at a hearing or trial in this action of any

Protected Discovery Material or Protected Financial Discovery Material.

29.     Before any Protected Discovery Material or Protected Financial Discovery

Material is summarized, discussed, or otherwise used at any deposition, hearing, or trial in this

action, all persons other than stenographic or court personnel and Qualified Persons shall be

excluded from such portion of the deposition, hearing, or trial of this action, unless the parties

and Supplying Owner otherwise agree, or the Court otherwise orders.

## Inadvertent Production of Privileged or Work Product Materials

30.     Pursuant to FRE 502(b) and (d), the inadvertent production of document(s) or

other material subject to the attorney-client privilege, work product doctrine or any other

privilege or immunity does not constitute a waiver.  Promptly upon learning of the inadvertent

disclosure, however, the supplying Party mush notify the receiving Party of the inadvertent

production, the basis for the privilege, and request return of the inadvertently produced materials.

The receiving Party must promptly return or confirm destruction of all copies of such materials;

but doing so shall not preclude the receiving Party from seeking to compel production of those

materials, nor constitute an admission that the materials were, in fact, privileged and/or work

product, and the supplying Party must preserve any such documents.

## Restriction on Patent Prosecution

31.     Except as otherwise provided in Paragraph 32 below, Qualified Persons who

access Protected Discovery Material of any supplying Party shall not, for a period of one (1) year

following final resolution of this action, draft, supervise, and/or assist in drafting or amending

patent claims or patent specifications related to Protected Discovery Materials actually received

from a supplying Party.

32.   The access by a Qualified Person to only Protected Financial Discovery Material of any supplying Party shall not give rise to the Restriction on Patent Prosecution discussed in Paragraph 31 above.

## Subpoena of Protected Materials

33.   If any Party receives a subpoena or other legal process commanding the production of any Protected Discovery Material or Protected Financial Discovery Material that it received from another Party, then that Party shall assert this Protective Order in the first instance and promptly give written notice thereof to the Party who supplied the Protected Discovery Material or Protected Financial Discovery Material (or their counsel of record in this case), who shall have the burden of seeking a court order relieving the subpoenaed Party of the obligations pursuant to the subpoena within fourteen (14) days of service of written notice.  The Party who received the Protected Discovery Material or Protected Financial Discovery Material shall not produce any of the received Protected Discovery Material without:  (1) an order of a court of competent jurisdiction; (2) the express written consent of the Party who supplied the Protected Discovery Material or Protected Financial Discovery Material; or (3) the failure of the supplying Party to seek a court order relieving the subpoenaed Party of the obligations pursuant to the subpoena within fourteen (14) days of service of written notice.

## General Provisions

34.   Neither this Protective Order nor any action taken by any Party or Supplying Owner pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by such Party or Supplying Owner, or of altering the restrictiveness of any information or of altering any existing obligation of any Party or Supplying Owner, or the absence thereof.  For example, nothing in this Protective Order shall foreclose any Party or Supplying Owner from opposing production of any information for lack of relevance, privilege, attorney-work product

exemption, or any ground other than the assertion that such information is Protected Discovery Material or Protected Financial Discovery Material.

35.     This Protective Order shall be without prejudice to the right of any Party or Supplying Owner to bring before the Court upon reasonable notice to each other Party and the Supplying Owner the question of whether any Protected Discovery Material or Protected Financial Discovery Material should be protected further than provided in this Protective Order. This Protective Order shall be without prejudice to the right of any Party or the Supplying Owner to seek a modification hereof, by leave of Court.

36.     In the event that a new party intervenes, is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

37.     Within sixty (60) days after the conclusion of this action (including any and all appeals and remands), counsel for each Party shall:  (i) destroy all Protected Discovery Material or Protected Financial Discovery Material and certify in writing to all parties that such destruction has occurred; or (ii) return the Protected Discovery Material or Protected Financial Discovery Material to the parties from which the information was received.  The Department of Justice, however, may retain one archival copy of all deposition transcripts and exhibits, briefs, pleadings or other filings (including all attachments and appendices) that incorporate or disclose Protected Discovery Material or Protected Financial Discovery Material, but such documents shall remain subject to the terms and conditions of this Protective Order.

38.     This Protective Order represents the complete and entire agreement between the parties with respect to the disclosure and use of Protected Discovery Material or Protected Financial Discovery Material.  It may be amended with leave of the Court or by express order of

the Court. It also may be amended as to particular Protected Discovery Material or Protected Financial Discovery Material as a need may arise by agreement of the Parties and Supplying Owner without prior leave of the Court.

39.     The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this suit.

The foregoing is agreed to and stipulated to by Uship, the government, and IBM through their attorneys.

40.     The court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify this Protective Order in the event such information is not confidential, privileged, proprietary, or would adversely affect national defense and/or national security upon disclosure.

COOPER & KIRK, PLLC

Date: October 5, 2009

Charles J. Cooper / by V.S J. Colatriano

Charles J. Cooper
Counsel of Record

Of Counsel:

Vincent J. Colatriano
Derek L. Shaffer
Howard C. Nielson, Jr.

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220 9600

*Attorneys for Plaintiff Uship Intellectual
Properties, LLC*

TONY WEST
Assistant Attorney General

JOHN J. FARGO
Director

Date: October 2, 2009
Of Counsel:
GARY L. HAUSKEN
DAVID M. RUDDY
Department of Justice
MICHAEL F. KIELY
United States Postal Service

SCOTT BOLDEN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone:     (202) 307-0262
Facsimile:      (202) 307-0345

*Attorneys for Defendant the United States*

Dated: October 5, 2009

Steven F. Cherny /by Vins J. Colbrini

Steven F. Cherny
Counsel of Record

Of Counsel:
D. Sean Trainor
William Fink
Edward H. Meyers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 879-5000

KIRKLAND & ELLIS LLP
Citigroup Center
601 Lexington Avenue
New York, New York 10022-4611
(212) 446-4800

*Attorneys for Third-Party Defendant*
*International Business Machines Corporation*

**IT IS SO ORDERED**.

                                        s/ Susan G. Braden
                                        **SUSAN G. BRADEN**
                                        **Judge**

**FORM A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| USHIP INTELLECTUAL PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-537 C |
| | ) | |
| THE UNITED STATES, | ) | Judge Susan G. Braden |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INTERNATIONAL BUSINESS MACHINES CORP., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER REGARDING PROTECTED DISCOVERY MATERIAL**

I have read the Protective Order entered in the above action on _____, 2009, and I agree to be bound in all respects by its terms in relation to the protection of Protected Discovery Material.  In addition, I hereby submit to the jurisdiction of the United States Court of Federal Claims for the purpose of enforcement of this Protective Order.


_____          _____
(Date)                                                     (Signature)


                                                           _____
                                                           (Printed Name)


                                                           _____


                                                           _____
                                                           (Address)